J-S28017-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| LUIS LOPEZ, | : | |
| | : | |
| Appellant | : | No. 1078 WDA 2016 |

Appeal from the Order June 23, 2016,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0002525-2015

BEFORE:    OLSON, MOULTON, and STRASSBURGER, JJ.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED AUGUST 11, 2017**

I agree with the Majority that Lopez was seized at the time Officer Russell began chasing him, and that, at that time, Officer Russell had reasonable suspicion to do so given that (1) the officer had credible information that Lopez was carrying a firearm, (2) Lopez was ineligible to do so based upon his age, and (3) Lopez fled when he was asked if he had any firearms on him.

However, I believe a person of reasonable caution would believe that criminal activity may be afoot when presented with those three facts in **any** neighborhood.  The status of the neighborhood at issue here as a "high-crime area" is not relevant to the determination.  People who live in poor areas that are riddled with crime do not have fewer constitutional rights than people who have the means to live in "nice" neighborhoods.

*Retired Senior Judge assigned to the Superior Court.